UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES INGRAM,<br><br>    Plaintiff,<br><br>    v.<br><br>CORRECTIONAL OFFICER SAAVEDRA,<br><br>    Defendant. | Case No. ED CV 09-2305 JFW (JCG)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Complaint, the Magistrate Judge's Report and Recommendation, Plaintiff's "Notice of ... Opposition to the Magistrate Judge's Report and Recommendation[]" ("Objections"), and the remaining record, and has made a *de novo* determination.

The Objections generally lack merit for the reasons set forth in the Report and Recommendation. There is one issue, however, that warrants brief amplification here.

In his Objections, Plaintiff admits that he did *not* exhaust his claims by

submitting appeals to the requisite third level of review. (Obj. at 5.)[1] However, Plaintiff argues – for the first time – that his failure to exhaust should be excused because Defendant impeded his efforts to exhaust, such that no remedies were available to him. (*Id.* at 2, 5.) Specifically, Plaintiff claims that Defendant failed to respond, at the informal level, to two grievances that he submitted. (*Id.* at 5-7.) This argument fails for two reasons.

First, Plaintiff has not submitted *any* evidence demonstrating that he submitted these two unanswered appeals to Defendant. The Court notes that Plaintiff was specifically advised to submit declarations, affidavits, and/or other evidentiary materials demonstrating that he exhausted his administrative remedies. (Jun. 24, 2011 Minute Order at 1-2.) The Court warned Plaintiff that if he "fail[ed] to submit evidence contradicting Defendant's" evidence of non-exhaustion, the Court could "accept Defendant's evidence ... as reliable and true," and dismiss Plaintiff's claims without prejudice. (*Id.*)

Nevertheless, Plaintiff has failed to provide any relevant evidence, such as a declaration or copies of the informal grievances he allegedly submitted to Defendant. Without at least this much, the Court sees no reason to doubt Defendant's evidence of non-exhaustion.

Second, even assuming, *arguendo*, that Plaintiff's allegations are true, this was not a situation where "administrative procedures were unavailable ...." *See Ngo v. Woodford*, 539 F.3d 1108, 1110 (9th Cir. 2008). In fact, in his Objections, Plaintiff alleges that after Defendant failed to respond to his informal grievances, Plaintiff submitted another grievance regarding his claims on December 10, 2007 (Log No. CRC-M-07-1347). (Obj. at 13-16, 27-36; *see also* J. Poffek Dec., ¶ 12(a), Exh. A.) After receiving a response at the informal level on December 12,

---

[1] The Court sequentially numbers the pages of Plaintiff's Objections, *i.e.*, pages 1-44.

1  2007, Plaintiff filed first and second level appeals. (*Id.*)

2  On March 24, 2008, Plaintiff's second level appeal was partially granted, as
3  it was determined that Plaintiff was "receiving ongoing and progressive treatment
4  for 'Valley Fever.'" (Obj. at 28, 36.) However, Plaintiff was unsatisfied with this
5  response because it failed to "address issue of harm caused or discipline for officer
6  for taking [his] meds." (*Id.* at 28.) Although Plaintiff was explicitly advised that
7  he could submit a "Director's Level" appeal "[i]f dissatisfied" with the second
8  level response, Plaintiff failed to do so. (*Id.* at 5, 28, 36; *see also* D. Foston Dec.,
9  ¶¶ 7-9.) Consequently, Plaintiff has not satisfied his obligation to exhaust
10 available remedies. *See Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005) ("The
11 obligation to exhaust 'available' remedies persists as long as *some* remedy remains
12 'available.'")

13 Accordingly, IT IS ORDERED THAT:

14 1. The Report and Recommendation is approved and accepted.

15 2. Judgment be entered dismissing this action without prejudice.

16 3. The Clerk serve copies of this Order and the Judgment on the parties.

DATED: February 7, 2012

_____
HON. JOHN F. WALTER
UNITED STATES DISTRICT JUDGE